```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
UNITED STATES OF AMERICA      )
    ex rel. Harry Barko,      )
                              )
            Plaintiff,        )
                              )
    v.                        )    Civil Action No. 05-1276 (EGS)
                              )
HALLIBURTON COMPANY, et al.,  )
                              )
            Defendants.       )
_____)
```

## MEMORANDUM OPINION

Pending before the Court are two motions for protective orders filed by defendants in response to discovery requests made by plaintiff Harry Barko. The first motion was jointly filed by defendants Halliburton Company, Kellogg Brown and Root, Inc., Kellogg Brown & Root Services, Inc., KBR Technical Services Inc., Kellogg Brown & Root Engineering Corporation, Kellogg Brown & Root International, Inc. (a Delaware Corporation), and Kellogg Brown & Root International, Inc. (a Panamanian Corporation) (collectively, the "KBR defendants"). A separate motion for a protective order was filed by defendant Daoud & Partners, Ltd. ("Daoud"). Upon consideration of defendants' motions, the responses and replies thereto, the applicable law, and the entire record herein, and for the following reasons, the Court hereby **GRANTS** the KBR defendants' motion for a protective order, and **GRANTS IN PART AND DENIES IN PART** Daoud's motion for a protective order.

## I. BACKGROUND

Plaintiff filed this qui tam action in June 2005 against the KBR defendants, Daoud, and another defendant. Plaintiff, who was a contract administrator for one of the defendants, alleges that defendants used a subcontracting procedure that inflated the costs of constructing laundry facilities and services on military bases in Iraq.

The KBR defendants and Daoud filed separate motions to dismiss the plaintiff's complaint. The KBR defendants' motion to dismiss asserts no jurisdictional defenses; they argue the case should be dismissed for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6) and for failure to plead fraud with particularity under Rule 9(b). Daoud's motion to dismiss, on the other hand, argues that the Court lacks personal jurisdiction over it. In response, the Court entered an Order on June 17, 2010 permitting limited jurisdictional discovery. After the Court entered the June 17, 2010 Order, plaintiff served document requests on both Daoud and the KBR defendants. In addition, he noticed a Rule 30(b)(6) deposition of Daoud, as well as a Rule 30(b)(6) deposition of the KBR defendants. The defendants filed their motions for protective orders shortly thereafter.

## II. ANALYSIS

The KBR defendants' motion for a protective order seeks an

order stating that the KBR defendants shall not be required to answer any discovery requests or appear for any depositions until further order of the Court.  It argues that (i) the Court only authorized limited jurisdictional discovery against Daoud, not the KBR defendants, and (ii) the requests are unreasonable, duplicative, unduly burdensome, and cover topics related to the merits of the case rather than jurisdictional issues.  Daoud's motion for a protective order objects only to the deposition noticed by plaintiff.  Daoud asks that the Court order that the deposition of Daoud's Rule 30(b)(6) witness take place in Amman, Jordan rather than Washington, DC.  In addition, Daoud argues that the topics noticed by the plaintiff are overbroad and irrelevant to the question of jurisdiction. The motions filed by the KBR defendants and Daoud are now addressed in turn.

**A.   The KBR Defendants' Motion for a Protective Order**

The KBR defendants' primary argument is that the Court's June 17th Order only authorized the plaintiff to obtain discovery from Daoud, the party that raised a jurisdictional defense, not the KBR defendants.  Plaintiff disputes the KBR defendants' interpretation of the Court's July 17th Order, arguing that Court "did not place any explicit limits as to which parties are subject to the discovery."  Pl.'s Opp'n to KBR Defs.' Mot. at 10. For the following reasons, the Court finds plaintiff's interpretation unpersuasive.

3

The Court's July 17, 2010 Order states, in part, as follows:

> Upon consideration of defendant Daoud's motion to dismiss, response and reply thereto, and substantially for the reasons stated by plaintiff, the Court finds that jurisdictional discovery is appropriate. Jurisdictional discovery is limited to three depositions and a request for production of documents. . . . The parties are directed to file a joint status report, including a recommendation for further proceedings, by no later than August 15, 2010. In the event that counsel are unable to agree on a joint recommendation, each party shall file an individual recommendation by that time.

The language of the July 17th Order makes it clear that the Court's grant of limited jurisdictional discovery was intended to allow plaintiff to seek discovery only against Daoud. In particular, the Court prefaced the sentence granting jurisdictional discovery with the language "[u]pon consideration of defendant Daoud's motion to dismiss" and limited the plaintiff to one document request.

Nor has plaintiff provided any persuasive reason why jurisdictional discovery against the KBR defendants, particularly in the form of broadly worded requests relating to another defendant, is warranted under these circumstances. A plaintiff who is permitted to conduct jurisdictional discovery is entitled to "precisely focused discovery aimed at addressing matters relating to personal jurisdiction." *GTE New Media Servs. Inc. v. Bell South Corp.*, 199 F.3d 1343, 1352 (D.C. Cir. 2000).

Plaintiff includes in his opposition to the motion by the KBR defendants a lengthy discussion of the KBR defendants' role

4

in another case, namely *Adhikari v. Daoud & Partners*, No. 09-1237, pending in the District Court for the Southern District of Texas.  According to plaintiff, some or all of the KBR defendants are also named as defendants in the Texas action, and these KBR defendants have taken the position that Daoud is subject to personal jurisdiction in that case.  Plaintiff argues that, as a result of their stance in the Texas action, the KBR defendants "must have information that supports [their] litigation position that there exists personal jurisdiction over Daoud in the United States."  Pl.'s Opp'n to KBR Defs.' Mot. at 8.  Plaintiff claims that he is entitled to this information. The Court finds this argument unpersuasive, as plaintiff fails to demonstrate why the KBR defendants' position in the Texas case is relevant to whether plaintiff should be entitled to jurisdictional discovery against the KBR defendants in this action.

In light of the language of the June 17th Order and the limited scope of the jurisdictional discovery, a protective order barring plaintiff from seeking discovery against the KBR defendants at this time is hereby **GRANTED**.

**B.   Daoud's Motion for a Protective Order**

**1.   The Location of the Deposition**

Daoud seeks an order requiring that any Rule 30(b)(6) deposition of Daoud be conducted in Amman, Jordan.  In support of its position, Daoud cites to case law indicating that the

deposition of a corporation should ordinarily be taken at its principal place of business. *See, e.g.*, *Nat'l Cmty. Reinvestment Coal. v. Novastar Fin., Inc.*, 604 F. Supp. 2d 26, 31 (D.D.C. 2009); *Work v. Bier*, 107 F.R.D. 789, 793 n.4 (D.D.C. 1985).

Plaintiff concedes that there is a general presumption that a deposition should take place at the corporation's principal place of business, but he argues that there is sufficient justification to deviate from the presumption in this case. In particular, plaintiff argues that (i) the case involves a foreign deponent; (ii) Jordan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and thus, according to plaintiff, "any deposition taken in Jordan, for which the deponent has not agreed to conduct the deposition under the Federal Rules of Civil Procedure, will be taken according to Jordanian law"; (iii) there are no commercial stenographer services available for voluntary depositions in Jordan, and the parties would therefore be required to bring someone from the United States for this purpose; (iv) if Daoud's representative refuses to answer questions at the deposition, the plaintiff would be forced to use the complex, time-consuming letter rogatory process resulting at best in testimony taken according to Jordanian law; (v) the defendant's discovery conduct suggests that it will be "uncooperative or obstructionist" and likely to lead to discovery disputes requiring judicial

intervention; and (vi) balancing the cost and capability to travel of the two parties, having the deposition in Jordan puts a greater burden on the plaintiff than would be on the defendant if the deposition were conducted in the United States.  Pl.'s Opp'n to Daoud's Mot. at 9-15.

After careful consideration of plaintiff's arguments, the Court concludes that it need not deviate from the general rule that a corporation's deposition should be held in its principal place of business.  Unlike the circumstances in *Triple Crown America, Inc. v. Biosynth AG*, No. 96-7476, 1998 U.S. Dist. LEXIS 6117 (E.D. Pa. April 30, 1998) or *In re Honda American Motor Co.*, 168 F.R.D. 535 (D. Md. 1996) cited by plaintiff, the instant case does not involve a foreign jurisdiction in which the taking of a deposition pursuant to the Federal Rules was barred by the law of the foreign country.  On the contrary, Daoud has explicitly agreed that it "will appear for this jurisdictional deposition in Amman, Jordan pursuant to the Federal Rules." Daoud's Mem. at 5. Plaintiff fails to cite a single case ordering the deposition of a foreign corporation to take place in the United States when the foreign corporation was contesting personal jurisdiction and consented to a deposition abroad in accordance with the Federal Rules.

To the extent that plaintiff objects to the expense and inconvenience of a deposition in Jordan, this is an insufficient

basis to order the defendant to appear for a deposition in the United States. Nor do the facts of this case warrant compelling a deposition in the United States based on the speculative statement by the plaintiff that the deposition may require judicial intervention. Accordingly, the Court hereby **ORDERS** that the Rule 30(b)(6) deposition of Daoud shall take place in Amman, Jordan.[1]

Plaintiff has also requested that, in the event the deposition of Daoud must take place in Jordan, the Court order Daoud to bear the costs of conducting the deposition, including the costs of traveling and bringing a stenographer to Jordan. The Court finds no basis for granting this request. Accordingly, plaintiff's request is **DENIED**.

### 2. Scope of Deposition Topics

Daoud argues that all of plaintiff's topics, because they lack temporal restrictions, are overbroad. In addition, Daoud argues that many of the 34 topics included in plaintiff's deposition notice go beyond purely jurisdictional issues. The Court agrees and finds that plaintiff's jurisdictional discovery should be limited to the time period prior to the filing of the

---

[1] Nothing in this Order or in the Court's June 17, 2010 Order, however, is intended to affect the parties rights under Rule 30(b)(4) of the Federal Rules of Civil Procedure providing that "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means. For the purpose of this rule . . . the deposition takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(b)(4).

complaint. *See McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1300-1301 (D.C. Cir. 1996); *Allen v. Russian Fed'n*, 522 F. Supp. 2d 167, 193 (D.D.C. 2007).

At this time, however, the Court finds it unnecessary to further tailor the topics included in plaintiff's deposition notice to Daoud. Though the topics are broadly worded, plaintiff has provided an adequate explanation of their relevance to jurisdictional issues and asserts that he "does not intend to ask questions beyond the scope of Daoud's jurisdictional ties to the United States." Pl.'s Opp'n to Daoud's Mot. at 17. Plaintiff is admonished to tailor his questions during the deposition accordingly.

**III. CONCLUSION**

Therefore, for the reasons set forth above, it is by the Court hereby

**ORDERED** that the KBR defendants' motion for a protective order is **GRANTED**; and it is

**FURTHER ORDERED** that Daoud's motion for a protective order is **GRANTED IN PART AND DENIED IN PART**. The Rule 30(b)(6) deposition of Daoud shall take place in Amman, Jordan. The remaining portions of Daoud's motion for a protective order are **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**October 14, 2010**