UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA                        :
*ex rel.* HARRY BARKO,                          :   CASE NO. 1:05-CV-1276
                                                :
    Plaintiff-Relator,       :
                                                :
 v.                                         :   OPINION & ORDER
                                                :   [Resolving Docs. 151 & 152]
                                                :
HALLIBURTON COMPANY *et al.*,                   :
                                                :
    Defendants.              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    In its March 6, 2014 Opinion and Order, the Court granted Plaintiff-Relator Barko's motion to compel the production of 89 documents. The KBR Defendants had withheld the documents on the basis of attorney-client privilege or attorney work-product protection grounds.[1] In ordering the production, the Court found that these documents were ordinary business records and were created to satisfy United States defense contractor requirements. The Court found the documents were not created to obtain or receive legal advice.[2]

    The KBR Defendants now ask the Court to certify this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay the March 6 Order pending appellate review.[3] In the alternative, the KBR Defendants request that this Court stay its March 6 Order pending the filing and disposition of a petition for writ of mandamus to the U.S. Court of Appeals for the District of Columbia Circuit—or, at a minimum, until the D.C. Circuit rules on an emergency motion to stay pursuant to

---

[1] Doc. 150.
[2] *Id.*
[3] Doc. 152.

Federal Rule of Appellate Procedure 8(a).[4] The KBR Defendants also ask the Court to seal its March 6 Opinion and Order.[5]

KBR's fear of producing the documents is understandable. Before being ordered to produce the documents for *in camera* review, KBR filed a motion for summary judgment and filed a statement of facts that KBR represented could not be disputed.[6] But KBR's COBC business documents are replete with contrary evidence. In its motion for summary judgment, KBR makes factual representations directly opposite its own COBC reports.

### A. Motion for Certification for Interlocutory Appeal

In granting a request for an interlocutory appeal, a district court must certify that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[7] The Supreme Court in *Mohawk Industries, Inc. v. Carpenter* said that these conditions are "most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence."[8]

The Court finds that defendants fail to satisfy the high standard required for an interlocutory appeal. "Mere disagreement, even if vehement, with a court's ruling does not establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory

---

[4] *Id.*
[5] Doc. 151.
[6] Doc 136.
[7] 28 U.S.C. § 1292(b).
[8] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).

appeal."[9]

First, the KBR Defendants fail to show the order involves a "new legal question or is of special consequence."[10] The issue of whether the attorney-client privilege or the work product doctrine applies to documents created as part of an internal compliance investigation is not new or novel.[11] Rather, as the Supreme Court stated in *Upjohn Co. v. United States*, the outcome in any particular circumstance must be determined on a "case-by-case basis" and depends on the particular circumstances of the case.[12]

Moreover, the issue is not one of "special consequence." This case concerns discrete issues related to a long-passed KBR contract and the administration of that contract. This Court's finding that the documents were not attorney client privileged or work product privileged was not a close question. But even if the issue had been difficult, attorney client privilege decisions are fact-dependent. Nothing makes review of the privilege decision especially important to other cases. Each attorney-client privilege ruling turns on its own facts. That KBR may be embarrassed by what its own business records show does not make this Court's ruling of "special importance."

Second, there are not substantial grounds for difference of opinion. The most important documents are memoranda from an investigator to members of KBR's general counsel's office. The investigators prepared the documents to comply with government contractor regulations, specifically

---

[9] *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (internal citations and quotation marks omitted).

[10] *Mohawk*, 558 U.S. at 111.

[11] *Upjohn Co. v. United States*, 449 U.S. 383 (1981); *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221 (4th Cir. 2011); *Permian Corp. v. United States*, 665 F.2d 1214 (D.C. Cir. 1981); *Wultz v. Bank of China, Ltd.*, ___ F. Supp. 2d ___, 2013 WL 5797114 (S.D.N.Y. Oct. 25, 2013); *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121 (D.D.C. 2012); *United States v. Dish Network, LLC*, 283 F.R.D. 420 (N.D. Ill. 2012); *In re Intel Corp. Microprocessor Antitrust Litig.*, 258 F.R.D. 280 (D. Del. 2008).

[12] *Upjohn*, 449 U.S. at 396 (internal quotation marks omitted).

the Department of Defense regulation requiring contractors to discover and report improper conduct regarding Government contracts.[13] Nothing suggests the reports were prepared to obtain legal advice. Instead, the reports were prepared to try to comply with KBR's obligation to report improper conduct to the Department of Defense.

At the end of the investigation, the investigator drafted a final memorandum and submitted it to the General Counsel's office. But the memorandum does not request legal advice, and it does not identify possible legal issues for further review. Instead, the memorandum was created to help KBR decide whether it needed to report kickbacks or contractor fraud to the United States.

Other documents include e-mails asking for updates on investigations of certain cases and e-mails discussing hotline calls.

In none of the documents is legal advice requested or offered. Because no legal advice was requested or offered, the Court concluded that the primary purpose of the investigations was to comply with federal defense contractor regulations, not to secure legal advice. The Court is confident that other courts conducting a similar *in camera* review would come to the same conclusion.

The KBR Defendants represent that two other federal courts found other COBC investigation documents were privileged. However, this is not the case.

The Federal Court of Claims order did not hold that COBC investigation documents are always privileged. Rather, that court both granted in part but also denied in part the KBR Defendants' motion for a protective order. The Federal Court of Claims held that the KBR Defendants failed to establish that the attorney-client privilege or the work product privilege applied

---

[13] 48 C.F.R.§ 203.7000-203.7001(a) (10-1-2001 edition).

Case No. 1:05-CV-1276
Gwin, J.

to some of the documents at issue. Consistent with this Court's ruling, the Federal Court of Claims ordered the production of documents produced for "purposes of compliance."[14]

KBR also mis-characterizes the other case that it relies upon.[15] *Mazon* was a criminal case where a criminal defendant subpoenaed KBR records. In response to the subpoena, KBR argued Mazon's document requests: "are duplicative of material previously provided by KBR to the government and made available to Mazon in discovery, and are otherwise unreasonable and oppressive. Moreover, Mazon has made no showing of relevance, specificity, or admissibility of the documents he seeks."[16] KBR additionally argued that the burden of production outweighed any relevance in light of the "substantial volume of documents previously produced by KBR and provided to [Mazon]."

While KBR offered an additional throwaway argument that some documents might be privileged, KBR mostly said it had already produced the documents and the criminal defendant should get the documents from the prosecutor. Apparently Mazon filed no opposition to KBR's motion to quash. The district court's one page order gives no indication it dealt with the same issue presented to this Court. More important, attorney-client privilege determinations rise and fall upon the specific documents and the circumstances of the documents production.

Finally, the Court finds that if the interlocutory appeal is permitted, it would prolong rather than hasten the termination of the litigation. If the Court of Appeals disagrees with Court's order, it can "remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new

---

[14] Doc. 138-1.
[15] *United States v. Mazon*, No. 05-40024-01 (C.D. Ill. Dec. 14, 2006)
[16] *Id.* Doc. 76 at 1.

-5-

trial in which the protected material and its fruits are excluded from evidence."[17] To pause litigation so close to the end of discovery and so near the deadline for summary judgment briefing would waste judicial resources.

II

In addition, a substantial question exists whether KBR waived any attorney-client privilege claims or work-product protection when KBR put the contents of the COBC investigation at issue.

KBR filed its motion for summary judgment before this Court ordered the COBC documents be produced for *in camera* inspection. With the motion, KBR attached a "statement of material facts as to which there is no genuine dispute." Neither the motion for summary judgment nor the statement of undisputed material facts fairly reflect the evidence produced or the findings of KBR's own internal investigation.

But more important to the waiver issue, the KBR Defendants themselves put the COBC documents at issue when they argued that the COBC documents showed no evidence of improper conduct. With the KBR Defendants' motion for summary judgment, the Defendants said,

> When a COBC investigation reveals reasonable grounds to believe that a violation of 41 U.S.C. §§ 51-58 (the "Anti-Kickback Act") may have occurred requiring disclosure to the government under FAR 52.203-7, KBR makes such disclosures. . . . [W]ith respect to the allegations raised by Mr. Barko, *KBR represents that KBR did perform COBC investigations related to D&P and Mr. Gerlach, and made no reports to the Government following those investigations.*[18]

"Courts need not allow a claim of [attorney-client or work-product] privilege when the party claiming the privilege seeks to use it in a way that is not consistent with the purpose of the

---

[17] *Mohawk*, 558 U.S. at 109.
[18] Doc. 136 at 10 n.5; *see also id.* at 44 ¶ 27 (statement of material facts) (similar language).

Case No. 1:05-CV-1276
Gwin, J.

privilege."[19]

The KBR Defendants represented that 1) as a matter of policy, KBR reports possible violations of law when a COBC investigation discovers reasonable grounds to believe a violation occurred; 2) KBR conducted a COBC investigation of the facts underlying this case; and 3) after conducting a COBC investigation of the issues in this case, the KBR Defendants did not report any violation to the United States. KBR asks this Court to draw the inference that the COBC investigation documents showed nothing.

When a party represents facts drawn from argued privileged communications, it cannot hide behind attorney-client privilege claims to avoid allowing the other side to test those facts. "In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."[20]

By making that assertion, the KBR Defendants may have waived any claim of privilege to the investigation documents that they represented as supporting their decision not to report this matter to the federal government.

Although this Court makes no final conclusion whether KBR waived any attorney-client privilege, it gives another reason to find no substantial ground to appeal the order to produce the COBC documents. The KBR Defendants cannot show that a decision in Defendants' favor at the Court of Appeals would be "controlling" as to whether the documents must be produced.

---

[19] *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982); *see also John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) ("It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted.").

[20] *Chevron Corp. v. Donziger*, 2013 WL 6182744 *2 (S.D.N.Y. Nov. 21, 2013), quoting *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir.2000).

Case No. 1:05-CV-1276
Gwin, J.

For the foregoing reasons, the Court **DENIES** the KBR Defendants' motion for certification of an interlocutory appeal.

**B. Motion to Stay the March 6 Order Pending Appellate Review**

"The factors to be considered in determining whether a stay is warranted are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."[21]

"A stay is not a matter of right, even if irreparable injury might otherwise result."[22] Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case."[23] The party seeking a stay bears the burden of justifying the exercise of that discretion[24]

First, the KBR Defendants have not shown a likelihood of success on the merits. As discussed above, the question of whether the COBC documents were subject to the attorney-client privilege or the work-product doctrine was not close. None of the documents request legal advice. None of the documents give legal advice. Investigators, not attorneys, conducted the interviews and wrote the reports. The investigators wrote the reports when no litigation had been filed. KBR investigators wrote the reports and conducted the interviews to comply with federal defense contracting regulations, not to secure legal advice.

Further, KBR enjoys no right to appeal a discovery ruling. Instead, KBR says it will ask the

---

[21] *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).
[22] *Nken v. Holder*, 556 U.S. 418, 419 (2009) (internal quotation marks omitted).
[23] *Id.* at 433 (citation and internal quotation and alteration marks omitted).
[24] *Id.* at 433-34.

Case No. 1:05-CV-1276
Gwin, J.

Court of Appeals to allow a discretionary review of a discovery ruling. Presumptively, the Court of Appeals has more important issues to spend its time on.

For good reason, Congress adopted the final judgment rule to stop the inefficiencies attending sequential appeals of interim rulings. Even where Constitutional protections are involved, parties generally receive no right to avoid discovery.[25/] In seeking discretionary review, KBR would need convince the court of appeals that businesses should never be required to disclose internal investigations that the businesses perform to comply with government contracting requirements. KBR's hope that the Court of Appeals will take this case for interlocutory appeal is fanciful.

The Court therefore concludes the KBR Defendants have not shown a likelihood of success on the merits of its mandamus petition.

Second, the Court finds a stay is unnecessary to prevent irreparable harm. The KBR Defendants claim that irreparable harm will result if they forced now to produce the documents. But, as the Supreme Court stated in *Mohawk*, any subsequent review that somehow finds the documents protected could be easily remedied. The Court of Appeals could simply vacate and remand for a new trial where the protected material and its fruits are excluded from evidence.[26/] The KBR Defendants have not demonstrated that irreparable harm will occur.

Third, a stay may harm the Plaintiff-Relator. As the KBR Defendants mention, Plaintiff-Relator Barko filed his amended complaint on June 13, 2007, and more than six years have passed during preliminary proceedings and initial discovery.[27/] If the stay is granted, the Plaintiff-Relator

---

[25/] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009); *Maness v. Meyers*, 419 U.S. 449, 458–461 (1975) (no interlocutory appeal of order refusing to quash subpoena for materials that arguably violated subpoenaed party's Fifth Amendment privilege against self-incrimination).

[26/] *Mohawk*, 558 U.S. at 108-12.

[27/] Doc. 152 at 15.

Case No. 1:05-CV-1276
Gwin, J.

Barko will suffer another delay, resulting in a postponement of the scheduled trial. This Court does not consider such harm to be negligible.

Finally, the public interest lies in denying the stay. Little suggests that the attorney-client privilege and the work product doctrine will be impacted by the disclosure of eight year old investigator interview notes and reports. The public has an interest in the prompt and final determination of this litigation.

Thus, after considering the factors, the Court **DENIES** the KBR Defendants' motion for a stay of the Court's March 6 Order.

With the obvious relevance of the documents to the Relator's ability to respond to the pending summary judgment motions, the Court orders KBR to produce the documents by **March 17, 2014.**

KBR says it may seek mandamus relief with the Court of Appeals. This Court orders Plaintiff-Relator and Relator's counsel to keep the produced documents confidential. Until otherwise ordered by this Court, Plaintiff-Relator and Relator's counsel may share the documents only with expert witness and only after those expert witnesses confirm in writing their agreement not to disclose the documents. Relator may use any of the documents to oppose summary judgment but must file any opposition that uses the documents under seal. Similarly, Plaintiff-Relator must file any other pleading that uses the produced documents under seal unless otherwise ordered by this Court.

**C. Motion to Seal the March 6 Opinion and Order**

The KBR Defendants also move to seal the Court's order compelling the production of the

Case No. 1:05-CV-1276
Gwin, J.

89 COBC investigation documents.[28]

Essentially, the KBR Defendants argue that because they still think the documents are protected by the attorney-client privilege and attorney work-product protection and that they believe "'sensitive information'" is exposed to the public, the Court should seal the order.[29]

This Court operates as a public forum "that best serve[s] the public when [it] do[es] [its] business openly and in full view."[30] Although the Court may seal documents, it must do so in light of certain factors, including "the strength of the property and privacy interests involved."[31] A "strong presumption in favor of public access to judicial proceedings" exists.[32]

The Court finds that the KBR Defendants have not shown any privacy interest that should close the public's right to open courts. First, there are no requests for legal advice or communications of legal advice in the materials. The only information revealed in the March 6, 2014, Opinion and Order and in this order is the result of a factual investigation made for the KBR Defendants' records.

Second, the investigation took place over seven years ago. The KBR Defendants do not point to any continuing business relationships that may be harmed or any trade secrets that may be disclosed. The only privacy interests at issue appear to be an interest in secrecy for secrecy's sake or KBR's embarrassment that its internal investigation raised major suggestions of bribery, raised major questions whether KBR employees were steering contracts to favored contractors, raised major questions whether KBR improperly approved change orders that sometimes doubled the cost of

---

[28]Doc. 151.
[29]*Id.* at 1-2 (quoting *Mohawk*, 558 U.S. at 112).
[30]*E.E.O.C. v. Nat'l Children's Center, Inc.*, 98 F.3d 1406, 1408 (D.C. Cir. 1996).
[31]*Johnson v. Greater Se. Comty. Hosp. Corp.*, 951 F.2d 1268, 1277 n.14 (D.C. Cir. 1991).
[32]*Id.* at 1277.

Case No. 1:05-CV-1276
Gwin, J.

agreed contracts, and raised major questions why additional contracts were given to contractors who had miserably failed to complete earlier work.

Therefore, the Court **DENIES** the KBR Defendants' motion to seal the Court's March 6 Opinion and Order.

IT IS SO ORDERED


Dated: March 11, 2014                *s/        James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE