UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHAMBERS OF<br>JAMES S. GWIN<br>DISTRICT JUDGE | 18A CARL B. STOKES UNITED STATES COURT HOUSE<br>CLEVELAND, OHIO 44113 | TELEPHONE<br>216/357-7112 |

March 13, 2014

Mr. Mark J. Langer
Clerk
United States Court of Appeals
E. Barrett Prettyman
  United States Courthouse
333 Constitution Avenue, N.W., Room 5509
Washington, DC 20001
**Via email and filed with district court.**

Re:   In re: Kellogg Brown & Root, Inc., et al.,
        District of Columbia Circuit Case No. 14-5055,
        District of Columbia District Court Case No. 05-cv-01276-JSG

Dear Mr. Langer,

By intercircuit assignment, I preside over the district court case described above. Defendant Kellogg Brown & Root, Inc. has petitioned your court to issue a writ of mandamus directing me to vacate a March 6, 2014 order in a discovery dispute. In that order, I granted a motion to compel the production of 89 business records and rejected petitioner's argument that the documents were attorney-client privileged or were protected under the work product protection.

The mandamus case in your court will review whether I abused my discretion when I found that the documents were not attorney-client privileged or protected from discovery by the work-product doctrine. In reviewing the petition, I did not see that the petitioner had provided the underlying documents that I found were not privileged.

Unlike most cases where both sides have access to documents, the plaintiff relator has not seen any of the documents involved with my order and with your appeal.

To help, I have asked John Bianco, the IT Director at my court to forward copies of the documents that Kellogg Brown & Root say are privileged from discovery. These documents have not yet been shared with the plaintiff-relator and should not be put on any publicly accessible database until the mandamus action is decided. But hopefully, this will assist your court of appeals in considering the issues.

Among the documents, Documents 2, 10, 11, 13, 20, 25, 35, 36, 42, 45, 46, 47, 48, 49, 55, 56, 64, 75, 85 and 87 are probably more important for your court's consideration of the mandamus petition.

Mr. Mark J. Langer
March 13, 2014
Page 2


Very truly yours,


    /s/ James S. Gwin
Judge James S. Gwin


Cc.    John Bianco