UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* HARRY BARKO,<br><br>                    Plaintiff-Relator,<br><br>v.<br><br>HALLIBURTON COMPANY, *et al.*,<br><br>                    Defendants. | Case No. 1:05-CV-1276 (JSG) |

**PLAINTIFF-RELATOR'S MOTION FOR ENLARGEMENT OF TIME**

    Plaintiff-Relator Harry Barko, by and through counsel, hereby submits this motion for enlargement of time in which to file responses to Defendants' motions for summary judgment. Plaintiff-Relator's motion is for good cause shown and based upon the recent administrative stay granted by the U.S. Court of Appeals for the D.C. Circuit in response to the KBR Defendants' petition for writ of mandamus and motion for stay. *See* Exhibit 1, *In re Kellogg Brown & Root, Inc., et al.,* No. 14-5055, Order (D.C. Cir. March 12, 2014), attached hereto. In support of this motion, Plaintiff-Relator refers the Court to the memorandum of points and authorities included herein. A proposed order is also submitted.

    Pursuant to LCvR 7(m), prior to filing this motion counsel for Plaintiff-Relator contacted all counsel for the Defendants via email in the afternoon on Friday, March 14, 2014. As of the filing of this motion on March 15, 2014, there has been no response by any of the counsel of record for any of the Defendants. Accordingly, it is unknown what position the Defendants will take regarding the relief sought by this motion. However, in moving for a stay on March 7, 2014, the KBR Defendants recognized that their request for appellate review would result in a

delay in the Plaintiff-Relator's discovery and summary judgment deadlines.  [Doc. #152, Mtn. to Certify Interlocutory Appeal and for Stay, p. 15 (March 7, 2014)].

## Memorandum of Points and Authorities

On February 10, 2014, the KBR Defendants and Defendant Daoud and Partners each filed a motion for summary judgment. [Doc. #136 and #137.] On February 25, 2014, the Court held a telephonic status conference with counsel for the parties and granted Plaintiff-Relator's request to extend the deadline for Plaintiff-Relator's motion for summary judgment to March 17, 2014, as a result of certain problems that had arisen in discovery. [Doc. #126, Order (Feb. 26, 2014).] In addition, the Court ordered the privilege logs and withheld documents for Plaintiff-Relator and the KBR Defendants to be submitted for *in camera* review in order "to avoid further discovery disputes on the assertion of the privilege." *Id.,* p. 2.

By Opinion and Order dated March 6, 2014, the Court held the Code of Business Conduct ("COBC") documents were not subject to the privileges claimed by the KBR Defendants and the Court order the KBR Defendants to produce 89 COBC documents to Plaintiff-Relator by March 17, 2014. [Doc. #150, Opinion and Order (March 6, 2014).] The Court also noted that the withheld COBC documents contained highly relevant information that contradicted the positions taken by Defendants in their motions for summary judgment.

In response to the Court's Opinion and Order of March 6 [Doc. #150] the KBR Defendants filed motions to stay the Court's order to produce the COBC documents and they requested permission to appeal the Court's order pursuant to 28 U.S.C. §1292(b). By Opinion and Order dated March 11, 2014, the Court denied the KBR Defendants' motion to stay and for permission for interlocutory appeal. [Doc. #155, Opinion and Order (March 11, 2014).] The Court concluded that the COBC documents withheld by the KBR Defendants were of "obvious

relevance … to the Relator's ability to respond to the pending summary judgment motions…" *Id.,* p. 10.  By separate order dated March 12, 2014, the Court *sua sponte* extended the deadline for Plaintiff-Relator to respond to the Defendants' summary judgment motions from March 17 to March 27, 2014, noting that the KBR Defendants had "delayed production" of the COBC documents until March 17 under the Court's orders.  [Doc. #156, Order (March 12, 2014).]

Following these developments, on March 12, 2014, the KBR Defendants filed in the D.C. Circuit an Emergency Motion for Stay, a Petition for Writ of Mandamus and a Motion to Seal.

Late in the afternoon, on March 12, 2014, the D.C. Circuit issued a per curium Order, the D.C. Circuit entered an administrative stay of this Court's orders dated March 6, 2014 and March 11, 2014.  *See* Exhibit 1, *In re Kellogg Brown & Root, Inc., et al.,* No. 14-5055, Order (D.C. Cir. March 12, 2014), attached hereto.  "The purpose of this administrative stay is to give the court sufficient opportunity to consider the merits of the motion for stay and petition for mandamus, and should not be construed in any way as a ruling on the merits of the motion and petition."  *Id.*

In addition, the D.C. Circuit has ordered Plaintiff-Relator to file a combined response to the motion for stay and the petition for writ of mandamus, not to exceed 30 pages, and a response to the to file under seal, by 12:00 noon, Friday, March 21, 2014, and the KBR Defendants were ordered to file any replies by 12:00 noon on Tuesday, March 25, 2014.  *Id.*

In light of these developments, between now and March 25, Plaintiff-Relator's counsel is required to devote substantial time briefing the issues under review on the mandamus petition, motion to stay and motion to seal filed by the KBR Defendants.  Moreover, the production of the COBC documents that this Court has noted are of "obvious relevance" to Plaintiff-Relator's ability to respond to the Defendants' motions for summary judgment have been further delayed as a result of the D.C. Circuit's administrative stay pending further order of the Court of

Appeals. As a result of the stay entered by the D.C. Circuit (Exhibit 1, Order), the KBR Defendants will not produce the COBC documents on March 17, 2014, as previously ordered by this Court. The production of these highly relevant documents remains in abeyance pending the resolution of the petition for writ of mandamus proceedings pending before the D.C. Circuit.

Consequently, Plaintiff-Relator requests that the deadline for Plaintiff-Relator's responses to the Defendants' motions for summary judgment be extended to and including fourteen (14) days from the entry of an order by the D.C. Circuit resolving the petition and motions filed by the KBR Defendants concerning the production of the COBC documents. While Plaintiff-Relator's counsel realizes that this request, if granted, could adversely impact the other scheduling deadlines previously set by the Court, the unexpected development of the KBR Defendants seeking extraordinary relief has caused the delay of highly relevant information in discovery that is needed to respond to the pending motions for summary judgment.

If this motion is granted Defendants will not be prejudiced since it is the KBR Defendants who have requested and obtained the delay to produce the relevant COBC information to Plaintiff-Relator. Exhibit 1, D.C. Cir. Order (March 12, 2014).

## **Conclusion**

For the foregoing reasons, Plaintiff-Relator's motion for enlargement of time should be granted.

      Respectfully submitted,

      /s/ David K. Colapinto
      David K. Colapinto, DC BAR #416390
      Michael D. Kohn, DC BAR #425617
      KOHN, KOHN & COLAPINTO, LLP
      3233 P Street, N.W.
      Washington, D.C. 20007-2756
      Phone: (202) 342-6980
      Fax:    (202) 342-6984
      *Attorneys for Plaintiff-Relator*

March 15, 2014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing reply in support of Plaintiff-Relator's motion to compel was served on all counsel of record via the Court's ECF system on this 15th day of March, 2014.

      /s/ David K. Colapinto
      David K. Colapinto