```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------
                                                      :
UNITED STATES OF AMERICA                              :
ex rel. HARRY BARKO,                                  :      CASE NO. 1:05-CV-1276
                                                      :
        Plaintiff-Relator,                            :
                                                      :
v.                                                    :      OPINION AND ORDER
                                                      :      [Resolving Doc. 208]
                                                      :
HALLIBURTON COMPANY et al,                            :
                                                      :
        Defendants.                                   :
                                                      :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 20, 2014, the Court granted Plaintiff-Relator Barko's motion to compel the production of Defendant KBR's Code of Business Conduct ("COBC") documents because KBR had waived attorney-client privilege and work product protection over the documents.[1]

KBR moves for reconsideration of the November 20, 2014, order.[2] Alternatively, KBR asks the Court to certify an interlocutory appeal and stay the order during appellate proceedings; or stay the order pending the disposition of a mandamus petition; or stay the order for ten days so KBR can file for an emergency stay. Barko opposes all of these requests.[3]

For the following reasons, the Court **DENIES** KBR's motion for reconsideration, **DENIES** KBR's motion for certification of an interlocutory appeal, **DENIES** a stay of the Court's November 20, 2014, order pending the disposition of KBR's mandamus petition, and **GRANTS** a

---

[1] Doc. 205.
[2] Doc. 208.
[3] Doc. 212.

1

seven day stay of the order for KBR to file an emergency motion under Circuit Rule 27(f). The stay will be lifted at 4:00 PM on December 26, 2014.

**A. Motion for Reconsideration**

"Motions for reconsideration are committed to the sound discretion of the trial court. A motion for reconsideration need not be granted 'unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice.'"[4] "A motion to reconsider must establish more than simply the defendant's continued belief that the court's decision was erroneous."[5]

KBR argues that the Court made several clear errors in its November 20, 2014, order. First, KBR asserts that no implied waiver actually occurred. Second, KBR argues that the Court has imposed an implied waiver that is too broad. Third, KBR asserts that it must be allowed to abandon the statements giving rise to the implied waiver, thus rendering an implied waiver unnecessary.[6]

**1. Waiver**

KBR's first argument rehashes its earlier briefing. KBR relies heavily on *United States v. White*, which the Court already discussed and distinguished at length in its November, 20, 2014, order.[7] KBR consistently points to *White*'s language that "[w]here a defendant neither reveals substantive information, nor prejudices the government's case, nor misleads a court by relying on an incomplete disclosure, fairness and consistency do not require the inference of waiver."[8] But the

---

[4] *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 319 F. Supp. 2d 32, 34 (D.D.C. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996)).
[5] *New York v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995).
[6] Doc. 220.
[7] Doc. 205 at 19-21.
[8] *United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989).

2

Court, as evidenced by its earlier order, finds that KBR has prejudiced Barko's case and offered misleading inferences to the Court. Thus, KBR's conduct is squarely within *White*'s scope.

**2. Scope**

KBR next argues that the waiver imposed was too broad because of *In re Lott*'s statement that a court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it."[9] This is precisely what the Court has done. The November 20, 2014, order was narrowly tailored to include only documents that KBR, with direct reference to its own privilege log, had itself placed at issue. KBR ignores *In re Lott*'s conclusion that "[i]t is important to cabin the implied waiver of privileges to instances where the holder of the privilege has taken some affirmative step to place the content of the confidential communication into the litigation."[10] According to *In re Lott*, KBR's conduct is of the very sort that a judiciously limited at-issue waiver doctrine must include.

**3. Abandonment**

KBR argues that the Court should allow KBR to withdraw portions of filings which create an implied waiver because an implied waiver can be "abandoned" and attendant privilege restored. KBR cites to the Ninth Circuit's opinion in *Bittaker v. Woodford* for the proposition that "[t]he court imposing the [implied] waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them."[11] KBR asserts that it has "explicitly disclaimed any intent

---

[9] *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)).
[10] *In re Lott*, 424 F.3d at 455.
[11] *Bittaker*, 331 F.3d at 720.

to seek or rely on [waiver inducing] inferences" and has filed an amended summary judgment motion excising certain language.[12] Although the Court has already addressed KBR's abandonment argument, it notes the following.[13]

KBR's implied waiver is not simply a product of its now-amended summary judgment motion. KBR's opposition[14] to Barko's February 3, 2014, motion to compel also created an at-issue waiver.[15] KBR has already gone forward with a defense implicating attorney-client privilege and work product protection. Also, KBR's motion for summary judgment relied, and still relies, upon the argument that the Defense Contract Management Agency ("DCMA") audited relevant procurement files to insure the subcontracts had been competitively bid and the DCMA had allowed the claims.[16] The Court sees no possibility to abandon or reverse KBR's injection of these issues into this action.

Moreover, the Court also found a waiver because KBR's 30(b)(6) witness, Chris Heinrich, used the COBC documents in preparation for his testimony.[17] Barko may therefore examine the COBC reports "if the court decides that justice requires." this result.[18]

KBR's amendments and disavowals do not change the Court's conclusion that justice

---

[12] Doc. 208 at 8.

[13] Doc. 205 at 22-23. *Bittaker* stated that a habeas petitioner could, instead of waiving attorney-client privilege, abandon a claim for ineffective assistance of counsel. *Bittaker* allows a party to "preserve the confidentiality of privileged communications by choosing to abandon the *claim* that gives rise to the waiver condition." 331 F.3d at 721 (emphasis added). In *Bittaker*, "the question presented . . . is the scope of the habeas petitioner's waiver": namely, whether it extends to only the habeas proceedings, or a possible retrial. *Id*. at 717. The court in *Bittaker* was dealing with a substantially different question than is present here.

KBR argues that *Bittaker* applies to claims or defenses. But the claim which had to be abandoned in *Bittaker* was an entire cause of action: ineffective assistance of counsel. KBR seems to argue that it can abandon portions of pleadings made in its overall defense, and proceed to defend against Barko's suit on other grounds. The Court finds this to be a misreading of *Bittaker*.

[14] Doc. 139 at 10-11.

[15] Doc. 205 at 16-17.

[16] Doc. 136 at 63; Doc. 205 at 16 fn. 42.

[17] Doc. 205 at 23.

[18] Fed. R. Evid. 612(a)(2).

requires the disclosure of the documents. The Court finds ample evidence that KBR's line of questioning at the deposition itself, notwithstanding subsequent filings, was inconsistent with the purposes of the attorney-client privilege and constituted a waiver. While KBR may seek leave to amend its pleadings, it cannot undo a deposition. KBR cites to no authority that a waiver pursuant to Rule 612 can be "disavowed" later on.

Additionally, KBR cites to no authority from this Circuit that a party can amend its pleadings and disavow certain earlier representations to avoid an at-issue waiver of the attorney-client privilege. Instead, KBR cites to cases with vastly different factual predicates, from other jurisdictions, or that involve privileges other than that between attorney and client.[19]

KBR cites to *Koch v. Cox*, where the Court of Appeals considered whether an employee had waived the psychotherapist-client privilege during litigation.[20] The Court of Appeals concluded that Plaintiff Koch had abandoned any claim for damages related to emotional distress.[21] However, the Court of Appeals nonetheless reached a second argument: whether, as the district court concluded, Koch had separately placed his mental health at issue, *notwithstanding* his abandonment of an emotional distress claim.[22] Thus, despite Koch's disavowal of a claim implicating the relevant privilege, the Court of Appeals had to consider whether that privilege had been otherwise placed at issue and therefore waived.

---

[19] KBR repeatedly cites to *In re Sims*, 534 F.3d 117 (2d Cir. 2008). In *Sims*, the Second Circuit reversed a district court's finding that a plaintiff had waived the psychiatrist-patient privilege by placing his mental health at issue. But the purported waiver in *Sims* occurred when a pro se prisoner, responding to questions from defense counsel, testified about his emotional health. As a result, the Second Circuit found that the "case exhibited none of the[] characteristics" which counsel in favor of finding an at-issue waiver. *Id*. at 138. The Court noted "it is nonetheless relevant to the fairness analysis that the record does not indicate that Sims was learned in the law and does indicate that when Sims represented himself at his deposition it was not by his choice." *Id*. The facts in this case, where KBR's hired counsel questioned an in-house KBR lawyer at a deposition, could not be more different.

[20] 489 F.3d 384 (D.C. Cir. 2007).
[21] *Id*. at 388.
[22] *Id*.

This reasoning undercuts KBR's argument. KBR, despite "disavowing" certain statements, nonetheless has placed attorney-client privileged communications at issue in multiple ways, and thus has waived the privilege. The Court finds no support in this Circuit for KBR's argument. Instead, the Court finds authority from the Court of Appeals in an analogous scenario in which abandonment of a claim is discussed separately from whether a party has effectuated a waiver by placing privileged communications at issue.

The Court sees old arguments repeated, not clear errors of law, and thus denies KBR's motion for reconsideration.

**B. Motion for Certification for Interlocutory Appeal**

In granting a request for an interlocutory appeal, a district court must certify that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[23] The Supreme Court in *Mohawk Industries, Inc. v. Carpenter* said that these conditions are "most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence."[24]

KBR fails to show substantial grounds for difference of opinion or the presence of a new legal question. The at-issue waiver doctrine is well-settled and is heavily fact dependent. KBR argues that it has disclosed only non-privileged facts, but "[i]t is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims

---

[23] 28 U.S.C. § 1292(b).
[24] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).

asserted."[25] Furthermore, the plain text of Rule 612 grants courts the power to order the disclosure of documents reviewed in preparation for a deposition when justice so requires. The Court has addressed KBR's objections at length, and does not find substantial support for KBR's positions.

Furthermore, the Court does not believe the case is one of special consequence. The Court's November 20, 2014, order was limited to the specific and singular facts of this case. The Court made no broad conclusions about the scope of attorney-client privilege or work product protection, but concluded that KBR's own conduct caused a waiver of both. This highly fact dependent conclusion is unlikely to be repeated. Therefore, the Court will not certify an interlocutory appeal.

**C. Motion to Stay the Order Pending Appellate Review**

To determine whether a stay is warranted, a court should consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."[26]

"A stay is not a matter of right, even if irreparable injury might otherwise result."[27] Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case."[28] The party seeking a stay bears the burden of justifying the exercise of that discretion.[29]

The Court will not repeat its earlier discussion, but again finds KBR's likelihood of success on the merits to be low. KBR's claim of potential irreparable harm is speculative. Like all discovery

---

[25] *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003), as amended (Nov. 25, 2003).
[26] *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).
[27] *Nken v. Holder*, 556 U.S. 418, 419 (2009) (internal quotation marks omitted).
[28] *Id*. at 433 (citation, alternation, and internal quotation marks omitted).
[29] *Id*. at 433-34.

rulings, if a later appellate decision finds the COBC documents should not have been disclosed, the case would come back for trial without the documents. This is not the most efficient result, but sequential interlocutory appeals are likewise grossly inefficient.

The allegedly irreparable harm to KBR does not override this conclusion. KBR argues that another four month stay, in light of the overall timeline of this case, will not irreparably harm Barko.[30] The Court disagrees and notes that at some point, a case over a decade old must be directed toward resolution.

Finally, the public has an interest in the prompt and final determination of this litigation. The Court's decision was based on KBR's particular deposition questions and the content of its filings. KBR's argument that the attorney-client privilege will be broadly destabilized is therefore unsupported. At worst, disclosure will simply caution other businesses not to put privileged materials at issue for their own benefit.

The Court will, however, grant KBR a seven day stay of its earlier order to allow KBR to file an emergency motion pursuant to Circuit Rule 27(f).

**Conclusion**

The Court **DENIES** KBR's motion for reconsideration, **DENIES** KBR's motion for certification of an interlocutory appeal, **DENIES** a stay of the Court's November 20, 2014, order pending the disposition of KBR's mandamus petition, and **GRANTS** a seven day stay of the order

---

[30] Doc. 208 at 22.

for KBR to file for an emergency stay. The stay will be lifted at 4:00 PM on December 26, 2014.

    IT IS SO ORDERED


Dated: December 17, 2014.                 *s/   James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE