UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| *ex rel.* HARRY BARKO, | : | CASE NO. 1:05-CV-1276 |
| | : | |
| Plaintiff-Relator, | : | |
| | : | |
| v. | : | OPINION AND ORDER |
| | : | [Resolving Doc. 241] |
| | : | |
| HALLIBURTON COMPANY *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff-Relator Barko asks the Court to stay further discovery, to extend scheduling order deadlines, to enter a protective order, and to grant a renewed motion to compel.[1/] KBR opposes.[2/] The parties have filed nearly fifty pages of briefing and request that the Court rules within the day. KBR's mandamus petition is still pending before the Court of Appeals.

The Court's earlier scheduling order[3/] will be revised, and final dates will be provided once the Court of Appeals rules on the petition. For now, the discovery deadline is extended from March 30, 2015, to April 30, 2015.

Barko's most pressing request is for the entry of a protective order prohibiting KBR from conducting a deposition of Derek Bonenclark, scheduled for March 11, 2015, in Seattle, Washington. Barko states that lead counsel will be unavailable, that the deposition was not properly noticed, and

---

[1/]Doc. 241.
[2/]Doc. 242.
[3/]Doc. 206.

1

that KBR has not complied with applicable regulations and subpoena requirements pursuant to *United States ex rel. Touhy v. Ragen*.[4]

Barko's best argument is that the DCMA told KBR that KBR could interview Bonenclark only after giving notice to Barko.  It appears that KBR ignored the DCMA and interviewed Bonenclark without giving Barko such notice. KBR received permission to interview Mr. Bonenclark on May 5, 2014, which the DCMA "granted on the condition of notice to *all parties* in the litigation."[5] KBR requested and conducted an interview with Mr. Bonenclark pursuant to DOD Directive 5402.5. Barko argues that KBR's conduct is improper and that he has been prejudiced as a result.

KBR argues that "the DCMA counsel's letter notwithstanding, there is simply no requirement that notice [of an interview] be provided . . . ."[6] KBR next argues that "the parties for whose benefit *Touhy* regulations exist – the Government and Mr. Bonenclark – are aware that KBR did not provide Barko notice of its *Touhy* interview, yet still consent to the deposition."[7]

KBR appears to concede that it did not comply with the express condition the DCMA placed on Mr. Bonenclark's pre-deposition interview; instead, KBR argues that Barko has no standing to object to this lack of notice and that the Government seems not to care that notice was not provided. KBR may be correct that no case or regulation requires notice of a *Touhy* interview, but the DCMA's letter is clear in its terms that notice should be provided to all parties.

The Court retains inherent power to manage discovery. Broadly speaking, Rule 30

---

[4] 340 U.S. 462 (1951). Mr. Bonenclark is in the United States only until March 11, 2015, and will not return until July 2015. Mr. Bonenclark's stay has been extended to accommodate the deposition, and Barko's counsel has been aware of the scheduled deposition since February 23, 2015.

[5] Doc 241-9 at 6 (emphasis added).

[6] Doc. 242 at 21.

[7] *Id*. at 5-6.

2

emphasizes that parties must be able to make a "fair examination of the deponent."[8] The Court is concerned that KBR has received the unfair advantage of conducting a pre-deposition interview in direct contravention of the terms under which that interview was to occur. The Court is additionally concerned that KBR's ignoring DCMA's express requirements will subject Bonenclark to additional obligations to respond to discovery that would not have been needed if KBR had complied with DCMA's conditions.

The Court therefore orders that Barko be given an opportunity to conduct a private interview of Bonenclark before the deposition takes place. Bonenclark must respond to questioning from Barko without the presence of KBR. Bonenclark can have his attorney present. The interview will be no longer than 60 minutes or the length of time Bonenclark was interviewed by KBR, whichever is longer. The scope of Barko's interview will be limited to the topics approved in the DCMA's May 5, 2014, letter.

If Bonenclark submits to the interview, the Court will deny the motion for a protective order to stop the deposition. If the DCMA or Bonenclark refuse to give the interview, the Court will grant Barko's motion for a protective order stopping Bonenclark's deposition.

Under these conditions, the Court will allow the deposition to go forward.[9] The interview will take place at least 6 hours in advance of the deposition. If Mr. Bonenclark's DCMA counsel objects to such an interview, the Court will **STAY** the deposition pending Barko's opportunity to

---

[8] *See* Fed. R. Civ. P. 30(d).

[9] Regardless of Barko's lead counsel's availability, Barko's other lawyers could attend the deposition in person or by videoconference. Furthermore, without wading into the numerous technicalities Barko raises as to the deficiency of the deposition notice, the Court finds that Barko's counsel had adequate notice of the deposition and finds good cause for abbreviated notice pursuant to Local Rule 30.1.

conduct a brief pre-deposition interview to prepare for the deposition.

    IT IS SO ORDERED


Dated: March 9, 2015.                                  s/  *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE