```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------
                                            :
UNITED STATES OF AMERICA                    :
ex rel. HARRY BARKO,                        :          CASE NO. 1:05-CV-1276
                                            :
         Plaintiff-Relator,                 :
                                            :
v.                                          :          ORDER
                                            :
                                            :
HALLIBURTON COMPANY et al.,                 :
                                            :
         Defendants.                        :
                                            :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Court recently waded into a discovery dispute between the parties related to the deposition of Derek Bonenclark.[1] On May 5, 2014, KBR received a letter from the DCMA allowing a pre-deposition interview of Mr. Bonenclark "granted on the condition of notice to *all parties* in the litigation."[2] KBR did not, however, notify Barko of the interview before KBR interviewed Bonenclark. KBR also did not notify the DCMA that KBR was not complying with the limitations the DCMA had placed upon interviews of Department of Defense employees.

As a result, considerable last-minute efforts were required of the Court, the DCMA, and the United States Attorney's Office for the District of Columbia in order to ensure that Barko had a chance to conduct a comparable pre-deposition interview with Mr. Bonenclark just hours before Bonenclark's deposition was to occur.[3]

---

[1] Doc. 243.
[2] Doc 241-9 at 6 (emphasis added).
[3] Doc. 243.

1

In recent briefing, KBR argued: "the parties for whose benefit *Touhy* regulations exist—the Government and Mr. Bonenclark—are aware that KBR did not provide Barko notice of its *Touhy* interviews, yet still consent to the deposition. This is simply a distraction from the key issue—whether Bonenclark's deposition was properly noticed under the Federal Rules."[4/]

The United States Attorney's Office for the District of Columbia filed a notice related to the *Touhy* interviews and Mr. Bonenclark's upcoming deposition. That filing speaks for itself:

> The United States particularly did not want to leave the Court with the possible impression that DCMA did not care that its May 5, 2014 letter to KBR establishing the parameters for the interview of Mr. Bonenclark were not followed by KBR. To the contrary, the prescriptive list of topics setting forth the parameters for the interview and the requirement that KBR provide notice to all parties of any subsequently scheduled interview, the latter indisputably ignored by KBR, were designed, in significant part, to avoid the very type of discovery dispute with which the Court was recently faced and was forced to resolve on essentially a one-day notice. The United States also wants to make clear to the Court the DCMA only recently because aware that KBR ignored the requirement set forth in the May 5, 2014 letter regarding notice to all parties of any scheduled interviews - an issue that <u>is</u> of concern to the DCMA and will not be countenanced going forward.[5/]

KBR refers to *Touhy* "interviews." The Court is concerned that KBR may have ignored DCMA's requirement to notify Barko of other interviews that KBR has already conducted. To avoid a repeat of the above-described situation, the Court orders KBR to file a notice to the Court and to disclose to Barko whether any other *Touhy* interviews were conducted related to this case, and to provide the names of the individual interviewed, the times the interview occurred, and the list of topics or other conditions approved by the DCMA for such interviews.

---

[4/] Doc. 242 at 5-6.
[5/] Doc. 244 at 1 (emphasis in original).

KBR will make this disclosure by 5:00 PM on March 13, 2015.

IT IS SO ORDERED

Dated: March 11, 2015.                    s/  *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE