UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*ex rel.* HARRY BARKO )<br>)<br>Plaintiff-Relator, )<br>)<br>v. )<br>)<br>HALLIBURTON COMPANY et al., )<br>)<br>Defendants. )<br>_____ ) | Civil Case No. 05-1276 |

## MEMORANDUM OPINION

After more than a decade of litigation, twelve opinions by three different district judges, and two writs of mandamus from the Court of Appeals, this Court granted summary judgment for defendants in this qui tam suit, rejecting Barko's claim that government contractor KBR (a Halliburton subsidiary) engaged in improper procurement practices. A few weeks later, KBR submitted a proposed bill of costs for $109,446.74. Barko opposed the proposal, arguing it violated this Court's Local Rules, this Circuit's caselaw, and 28 U.S.C. § 1920. Nevertheless, the clerk taxed the full bill.

Barko now moves to retax costs, asking this Court to overturn the clerk's application of Local Rule 54.1. But he misunderstands the standard under 54.1(e) and has no answer to either the Court's broader discretion under Federal Rule 54 or 28 U.S.C. § 1920's more flexible definition of costs. Because KBR's costs fall within § 1920 and are adequately justified, the Court will deny Barko's retax motion.

# I

Before reviewing the clerk's initial taxation, it is helpful to delimit this Court's taxing authority under Federal Rule 54 and § 1920 from the clerk's taxing authority under Local Rule 54.1(c)–(d).

Local Rule 54.1(c)–(d) constrains the clerk's taxation. Absent agreement or court order, 54.1(c) requires the clerk to tax certain costs according to the prevailing party's request once the judgment becomes final. And 54.1(d) limits the clerk's taxation to fourteen discrete categories of costs:

1. clerk's fees;

2. service of process costs;

3. marshal's fees and expenses per 28 U.S.C. § 1921;

4. docket fees and costs per 28 U.S.C. § 1923;

5. cost of a security furnished under statute, court order, or rule;

6. costs, at the reporter's standard rate, for the original and one copy of the transcript of any depositions the prevailing party noticed, and for one copy of any deposition any other party noticed, if the deposition was used on the record, at a hearing, or trial;

7. costs, at the reporter's standard rate, for the original and one copy of the transcript of a hearing or trial if the prevailing party alleged it was necessary for the determination of an appeal within Fed. R. App. P 39(e), or if the court required it to be transcribed;

8. copying costs for exhibits introduced into evidence, used for impeachment, or filed with the clerk;

9. other copying costs up to $300;

10. for witnesses who testified at a hearing or trial, fees, travel, and subsistence costs per 28 U.S.C. § 1821(b)–(c);

11. costs for serving subpoenas on witnesses who testified at a deposition, hearing, or trial;

12. fees for court-appointed experts, fees for interpreters at a trial or hearing, and fees and expenses for special interpretation services under 28 U.S.C. § 1828;

13. similar costs incurred in the District of Columbia courts prior to removal and recoverable under District of Columbia Court of Appeals or Superior Court rules; and

14. costs shown on the Court of Appeals's mandate.

*See also* LCvR 54.1(a) (requiring the proposed bill "specifically itemize with supporting documentation the particular costs sought under the[se] specific categories").

But on either party's retax motion, a judge may either deny costs the clerk allowed or tax additional costs under Federal Rule of Civil Procedure 54(d). LCvR 54.1(e). To "define[] the term 'costs' as used in Rule 54(d)," *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 4821 U.S. 437, 441 (1987), § 1920 identifies six general categories:

1. clerk and marshal fees;

2. fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. fees and disbursements for printing and witnesses;

4. exemplification fees and copying costs necessarily incurred for use in the case;

3

5. docket fees under 28 U.S.C. § 1923; and

6. compensation for court appointed experts and interpreters, and salaries, fees, expenses, and costs for special interpretation services under 28 U.S.C. § 1828.

## II

Barko challenges the clerk's initial taxation on three fronts:

First, Barko identifies four issues under Local Rule 54.1. He argues $99,662.09 of the initial taxation fell outside the 54.1(d) categories. He also claims KBR's concession to deposition transcript costs under 54.1—it initially requested $19,653.68 but acceded to just $9,784.65 in its reply brief—amounted to a second and untimely taxation request. In the alternative, he argues the clerk should not have taxed costs for five depositions ($2,801.10 of the $9,784.65) since those depositions were merely "lodged," not "filed" with the Court. Similarly, he argues the clerk improperly taxed $442.10 for exhibit copying costs because the exhibits were merely "lodged," not "filed."

In response, KBR challenges each contention's merits, but also argues even if parts of the clerk's taxation exceeded her authority under Local Rule 54.1, all of KBR's proposed costs fall into § 1920's six categories and thus within the Court's taxation authority now.

Second, Barko claims Federal Rule 54, § 1920, and out-of-circuit caselaw support setting aside the clerk's taxation. Given § 1920's necessity requirement for transcription and copying costs, Barko argues KBR failed to justify its need for expedited (including ASCII) deposition transcripts or video recordings, for two status hearing transcripts, or for copying costs. Next

4

Barko claims § 1920 does not authorize the witness costs taxed by the clerk. Finally, Barko argues KBR misconstrued the persuasive authority it cites to support applying § 1920 to e-discovery materials, and marshals his own persuasive authority suggesting § 1920 should not apply to e-discovery labor costs.

KBR argues it adequately justified its need for the expedited deposition transcripts and video recordings, for two status hearing transcripts, and for copying costs. It also claims the witness costs are allowed by § 1920 and adequately justified. As to the e-discovery issues, KBR cites some more out-of-circuit caselaw supporting § 1920's application to e-discovery copying costs.

Third—saving his biggest argument for last—Barko claims it is inequitable and inappropriate to award KBR any costs at all. For support, he cites more out-of-circuit cases and points to his goodfaith and reasonableness, the case's alleged closeness and difficulty, the potential for a chilling effect on future relators, the financial disparity between him and KBR, and his suit's claimed public benefit.

For its part, KBR notes generally Barko's policy arguments do not overcome the prevailing party's "normal[] entitle[ment] to costs in the district court as a matter of course," *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc), and argues specifically Barko's five factors do not weigh in his favor as strongly as he suggests.

III

Barko's retax motion fails since—armed with Federal Rule 54's discretion—the Court would tax the exact same $109,446.74 the clerk taxed. In short, nothing justifies denying KBR

5

its proposed costs. Barko's first tranche of objections fail from the start, since his motion does not merely appeal the clerk's mandate, but rather invokes the Court's broader discretion under Federal Rule 54. His second set of objections falter on their merits, since KBR's proffered justifications for transcription and copying clear § 1920's low bar for necessity. And his final policy plea cannot overcome the ordinary rule entitling prevailing parties to costs. So the Court will deny Barko's motion.

### A. KBR's costs are properly awardable under Federal Rule 54 and § 1920.

Since only Federal Rule 54 and § 1920 constrain a retax motion, Barko's objections under Local Rule 54.1(d) are inapposite. *See also Long v. Howard University*, 561 F. Supp. 2d 85, 98 (D.D.C. 2008) (Bates, J.) ("[Local Rule 54.1] does not purport to enumerate the entire universe of taxable costs—it addresses only those costs that the clerk may tax—and certainly does not constrain the authority of the Court to award costs based on the statutory standard."). But in any event, construing Barko's nearly $10,000 concession in deposition transcript costs under 54.1(d) as a second untimely request errs formally and undercuts a future party's motivation to resolve cost disputes without judicial resolution. *See also McGovern v. George Wash. Univ.*, 326 F.R.D. 354, 356 (D.D.C. 2018) (Howell, C.J.) ("Amendments to Bills of Costs occur regularly and, in fact, such amendments are appropriate to address legitimate objections raised by opposing parties, without forcing judicial intervention."). And moreover, § 1920 reimbursement for copying and transcription turns on necessity, not the subsidiary distinction between "lodged" or "filed" documents. *Cf. Oetiker v. Jurid Werke GmbH*, 104 F.R.D. 389, 394 (D.D.C. 1982) (Flannery, J.) (holding depositions need not be used in trial for their costs to be recoverable).

**B. KBR adequately justifies its costs under § 1920.**

KBR has adequately justified its need for expedited deposition transcripts and video recordings; for two status hearing transcripts; and for copying costs. Courts assess necessity from the prevailing party's perspective "as of the time the [expense was incurred] rather than at the time of trial." *Yousseff v. FBI*, 762 F. Supp. 2d 76, 86 (D.D.C. 2011) (Kollar-Kotelly, J.) (internal quotation marks omitted) (quoting *Johnson v. Holway*, 522 F. Supp. 2d 12, 18 (D.D.C. 2007)). Given this retrospective determination, prevailing parties need only reasonably explain why they needed the expense at the time. *See Yousseff*, 762 F. Supp. 2d at 86; *Oetiker*, 104 F.R.D. at 394.

KBR clears that low bar. Though Barko objects to the expedited deposition transcripts from early 2014, KBR explained—in its opposition to this motion (at 6), and in an exhibit to its original bill (ECF No. 280-1 at ¶ 16)—that Barko's February 2014 Motion to Compel, ECF No. 135, and that month's dispositive motions deadline, *see* ECF No. 126 at 1, necessitated expedition. That short turnaround adequately justifies expedition, especially since Barko does not allege KBR self-imposed the time crunch through dilatory action.[1]

Barko similarly objects to expedited deposition transcripts in early 2015, but KBR adequately justifies expedition by pointing to "what at the time seemed like an inevitable second motion to compel . . . as well as other ongoing discovery disputes in the highly contentious discovery." Defs.' Opp. Pl.'s Mot. Retax 6, ECF No. 295; *see also Long*, 561 F. Supp. 2d at 98

---

[1] Courts in other jurisdictions agree. *See Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010); *United States v. Davis*, 87 F. Supp. 2d 82, 90 (D.R.I. 2000); *see also Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) (holding transcription services "need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" (quoting *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981))), *superseded on other grounds by* Fed. R. Civ. P. 30 (1993 amendment). *But cf., e.g., Fogleman v. Arabian Am. Oil Co.*, 920 F.2d 278, 286 (5th Cir. 1991) (holding expedited deposition transcripts are "not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript").

7

("The determination of necessity under section 1920(2) 'must be made in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unneeded for further use.'" (quoting *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003))). So too for the video recordings (which KBR explains were "necessary to prepare for trial and for potential use for impeachment" or "to guarantee the availability of [the witness's] testimony at trial," Defs.' Opp. Pl.'s Mot. Retax 7) and two status hearing transcripts (which KBR justifies by one hearing's potential relevancy to a pending motion and the other hearing's discussion of ongoing discovery and briefing schedules).

The same is true for KBR's copying costs, which it adequately justified in exhibits to its original bill (ECF Nos. 280-6 & 280-7).[2] Though the Court agrees with Barko that copying labor and supply costs generally amount to unrecoverable overhead, the labor and supply costs KBR seeks here are not its own, but rather an external copying service's. In other words, KBR wasn't buying binders and tabs for its own in-house use. For economy's sake, KBR outsourced some copying jobs to a third-party vendor able to make the copies for less than KBR could have done itself. And that third-party vendor charged not only for the physical copies, but in some cases for labor and supplies, too. The Court is willing to tax these external costs for two reasons: First, while this particular third-party copier itemized its labor and supply costs, there is no reason why all third-party copiers must do so. Indeed, some external copiers might lump such costs into their overall price-per-page. So blindly applying the general rule against copying labor and supply recovery to external labor and supply costs could result in inconsistent taxation across cases, and might even give firms the perverse incentive to seek non-itemizing copiers. Second, and even

---

[2] Footnote 8 of Barko's motion, *see* ECF No. 294 at 19, gives the Court some pause. He claims—without support—"many" of KBR's requested copying costs duplicate costs the Court of Appeals already allowed after its successful mandamus petitions. If true, the double recovery would be impermissible. But since Barko does not identify any specific charges, and KBR denies the claim, *see* ECF No. 295 at 18, Barko fails to meet his burden on the objection.

8

more perversely, per se excluding external labor and supply costs could cause a firm confident in its ultimate success to do all its copying in-house to inflate its eventual taxation, even where the total cost would be less if it had outsourced.

Section 1920 similarly permits KBR's travel and subsistence costs for its witness Derek Bonenclark. Even though Bonenclark's deposition was never used, KBR reasonably thought it was necessary at the time. What's more, less than $1200 in travel, lodging, and incidentals for a Dutch witness deposed in Seattle seems like a bargain, and KBR's supporting documentation appears consistent with what other courts require. *Compare* Defs.' Opp. Pl.'s Mot. Retax 9-10 (collecting cases), *with* Pl.-Relator's Mot. Retax 17-18 (citing no authority).

In opposing KBR's request for e-discovery costs under § 1920(4), Barko claims "there is no authority in this judicial district to support this request." Maybe he missed *Herron v. Fannie Mae*, which held "§ 1920(4) includes the creation of electronic copies." 292 F. Supp. 3d 421, 424-25 (D.D.C. 2018) (Collyer, J.). Moreover, in line with other cases that opinion and KBR's brief cite, *see, e.g.*, ECF No. 295 at 13-15 (citing, e.g., *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1329-30 (Fed. Cir. 2013)), the Court agrees with this result. For one, it is consistent with § 1920's text. And not for nothing, declining to tax e-discovery costs on par with traditional discovery costs disincentivizes litigants' embrace of e-discovery innovations with potential to lower cost and improve judicial economy.

### C. Barko's policy arguments are unavailing.

Barko's last-ditch lunge for equitable principles to override taxation falls short. For one, he amalgamates a Frankenstein test with six factors cobbled from cases in other circuits. Most of these factors—the relator's alleged good faith and reasonableness; the case's claimed closeness

and difficulty; the potential for a chilling effect; the relator's relative financial limitations; the litigation's claimed public benefits; any perceived bad actions or impropriety by the defendant—appear in virtually every False Claims Act case. And for at least one proposed factor—the potential chilling effect—"courts within this district have generally rejected this rationale as insufficient to deny costs." *Youssef*, 762 F. Supp. 2d at 85 (collecting cases). Besides, Barko's policy argument would pack greater punch if the government had chosen to intervene, signaling the case's value and import. *See Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985). Since the government stayed on the sidelines, Barko's policy plea rings particularly hollow.

In the end, the en banc Court of Appeals held a prevailing party "is normally entitled to costs in the district court as a matter of course." *Baez*, 684 F.2d at 1004. Barko fails to overcome this presumption.

\* \* \*

The Court will deny Barko's motion to retax costs in an accompanying order.

Date: December 4, 2018

_____
Royce C. Lamberth
United States District Judge